GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Arizona State Bar No. 025407
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>   vs.<br><br>Osbaldo Vargas,<br><br>               Defendant. | No. CR-21-00740-PHX-SMB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT AND SENTENCING MEMORANDUM** |

The United States recommends that this Court grant the defendant a reduction for Acceptance of Responsibility and sentence him to 24 months' imprisonment followed by supervised release.

## I.    FACTS

ATF began investigating the defendant in April 2021 after multiple firearms he had purchased were recovered elsewhere. Agents conducted a firearms trace on the defendant and determined that he may have been trafficking in firearms due to the high number of purchases. In each transaction, the defendant represented on ATF Form 4473 that he was the actual buyer or transferee of the firearm or firearms.

On April 6, 2021, a local federal firearms licensee (FFL) contacted ATF about the defendant attempting to purchase another firearm, stating that he may return to the store to take possession. Accordingly, ATF set up an interdiction of what appeared to be another straw-purchased firearm. During the operation, agents observed the defendant enter the

FFL and exit with a brown firearm case. Agents then conducted a traffic stop and saw the purchased Glock firearm and case on the front passenger seat.

When interviewed, the defendant admitted to making false statements to FFLs during the purchase of firearms. He stated that he did not own any firearms and had sold everything he had purchased. He further identified the person he was buying the Glock for on that date.

Agents ultimately determined that the defendant had bought 61 firearms from January 2019 to November 2021. As of January 2025, 10 firearms have been recovered with recovery times as soon as 14 days after purchase.

On September 14, 2021, the United States indicted the defendant on seven counts of Dealing Firearms without a License and False Statement During the Purchase of a Firearm. In January 2023, the defendant was arrested on the warrant and released to pretrial services. In June 2023, the defendant absconded from pretrial services and a warrant was issued. On September 26, 2024, the defendant was arrested on state drug charges and held in custody. He subsequently pleaded guilty to the state charges and was transferred to federal custody, where he was detained. At his initial appearance in federal court, the defendant expressed a desire to plead guilty, which he did on October 30, 2024.

## II.    DEFENDANT'S OBJECTIONS

The defendant objects to Paragraphs 15 and 20 of the Presentence Report (PSR), arguing that he should be given credit for accepting responsibility despite absconding for 15 months.[1] Section 3E1.1 of the federal sentencing guidelines provides for a two-level offense level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). The guidelines provide for a further reduction of one level for offense levels greater than 16 if the defendant timely notifies authorities of his intention to plead guilty. USSG § 3E1.1(b). "The primary goal of the

---

[1] The relevant paragraphs in the PSR appear to be 15 and 24.

reduction is to reward defendants who are genuinely contrite." *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994).  Application Notes to this section indicate that a guilty plea prior to trial combined with truthfully admitting to the offense conduct constitutes significant evidence of acceptance of responsibility. USSG 3E1.1, comment. (n. 3). This evidence, however, may be outweighed by conduct inconsistent with acceptance. *Id*.

Conduct resulting in an enhancement under § 3C1.1 (Obstructing of Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. USSG § 3E1.1, comment. (n. 4). The same Application Note goes on to state that there may be "extraordinary cases in which adjustments under §§ 3C1.1 and 3E1.1 may apply." *Id*. The Ninth Circuit has held that the relevant inquiry as to whether a case is extraordinary under Application Note 4 is "whether the defendant's obstructive conduct is *not inconsistent* with the defendant's acceptance of responsibility." *United States v. Hopper*, 27 F.3d 378, 383 (9th Cir. 1994). Such cases include when a defendant initially attempts to conceal a crime but eventually accepts responsibility and abandons his attempts at obstruction. *Id*. In sum, as long as the defendant's acceptance is not contradicted by an ongoing attempt to obstruct, simultaneous adjustments under §§ 3C1.1 and 3E1.1 are permissible. *Id*.

Here, the defendant quickly admitted to his conduct when interviewed by agents. Following arrest, the defendant was released to a substance abuse program and absconded for 15 months. The defendant was arrested by local police on his warrant and charged with drugs and drug paraphernalia. The defendant quickly pleaded guilty and was sentenced in that case. When transferred to federal custody, the defendant indicated that he wished to plead guilty at his initial appearance. The defendant's obstruction was limited to absconding and his failure to appear, and he never forced the government to expend resources preparing for trial. Because of this, the government requests that this Court grant the defendant a three-level reduction for Acceptance of Responsibility.

## III.    PRESENTENCE REPORT GUIDELINES CALCULATION

The Presentence Report calculates the defendant's total offense level at 20,

following adjustments for the number of firearms and obstruction of justice. (PSR at ¶ 18, 21.) The PSR did not credit the defendant for Acceptance of Responsibility. (*Id*. at ¶ 24.) The PSR calculates the defendant's guideline range at 33-41 months. (*Id*. at p. 14.) Should the Court grant the defendant three levels for Acceptance of Responsibility, the defendant's guideline range would be 24-30 months at level 17. The plea agreement stipulates to a low-end cap.

## IV.    ANALYSIS

The United States recommends that the Court grant the defendant a three-level reduction for Acceptance of Responsibility and sentence him to 24 months' imprisonment. This sentence is supported by the defendant's history and characteristics and his offense conduct. The most significant aspect of the defendant's history is his substance abuse problem. This issue caused the defendant to engage in his offense conduct, impacted his familial relationships, and affected his employment. Despite completing substance abuse treatment, the defendant absconded and was caught with drugs and drug paraphernalia over a year later. He admitted to officers that he ingested the drugs approximately two days earlier. Because of this substance abuse problem, the defendant trafficked in firearms, earning money straw purchasing for others. This conduct serves no legitimate purpose, and only serves to arm criminals and those seeking to engage in violence. The defendant did this numerous times over a nearly three-year period.

The recommended sentence also avoids unwarranted sentencing disparities. According to the Judiciary Sentencing Information (JSIN), from 2019 to 2023, there were 849 defendants sentenced under USSG § 2K2.1 with a Total Offense Level of 17 and Criminal History Category of I. (*See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard.) Of those 849, 707 defendants were sentenced to prison, for average length of 21 months and median length of 24 months. (*Id*.) Thus, the government's recommended sentence generally accords with similarly situated defendants.

- 4 -

## V.    CONCLUSION

The defendant trafficked in firearms to support his drug habit. Despite this substance abuse problem hurting his relationships with family, his employment, and causing him to be charged with a federal crime, the defendant absconded from pretrial release and continued to use drugs. Nevertheless, when arrested, the defendant quickly accepted responsibility for his conduct and pleaded guilty. Accordingly, the government recommends that this Court sentence the defendant to 24 months in prison. Such a sentence is sufficient, but not greater than necessary to comply with the purposes of sentencing.

Respectfully submitted this 13th day of January, 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

 /s/ Patrick E. Chapman
PATRICK E. CHAPMAN
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Chalet Brazile, *Attorney for Defendant*

 /s/ Patrick E. Chapman
U.S. Attorney's Office